IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:22-CR-8-SPB-15 |
| | ) | |
| TYMEEN DELTUAN WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

Pending before the Court at ECF No. 1581 is a consent motion by the parties agreeing to a sentence reduction in the above-captioned matter. As set forth below, the motion will be granted.

## I.     Background

On May 24, 2023, Defendant Tymeen Deltuan Williams ("Williams") pled guilty to one count of conspiring to distribute and possess with intent to distribute fentanyl, cocaine, and methamphetamine. ECF No. 827. Williams' plea was entered pursuant to a Rule 11(c)(1)(C) plea agreement. ECF No. 826-1. Consistent with his plea agreement, Williams stipulated that an appropriate sentence would involve a term of 84 months' imprisonment, to be followed by a term of 4 years' supervised release. *Id*. at ¶(C)(3). On September 21, 2023, the undersigned imposed the parties' agreed-upon sentence. ECF No. 912. Consistent with the terms of his plea agreement, Williams did not appeal his conviction or sentence.

Williams did, however, file at a later point in time a counseled motion to reduce his sentence under 18 U.S.C. §3582(c)(2). ECF No. 1174. The Government initially opposed this motion, *see* ECF No. 1176, but the parties later came to agree that a six-month reduction in

1

Williams' term of imprisonment would be appropriate, which resulted in the filing of the now-pending consent motion at ECF No. 1581.

## II.    Standard of Review

Pursuant to 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," may bring a motion for a reduction in his term of imprisonment. Relevant to this case is Part A of Amendment 821 to the U.S. Sentencing Guidelines, now codified at U.S.S.G. §4A1.1(e), which eliminated additional criminal history points for individuals like Williams who have fewer than 7 points under the guidelines calculations and committed their offense "while under any criminal justice sentence ...." Part A of Amendment 821 is among those guideline amendments that may be applied retroactively to allow for relief under Section 3582(c)(2). *See generally* U.S.S.G. §1B1.10.

Section 3582(c)(2) authorizes the district courts to reduce a defendant's term of imprisonment, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(2). To determine whether a sentence reduction is warranted under §3582(c)(2), courts must engage in a two-step inquiry. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827.

> Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when

2

the defendant was sentenced and shall leave all other guideline application decisions unaffected."

*Id.* (quoting § 1B1.10(b)(1)) (alteration in the original).

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable §3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillion,* 560 U.S. at 827. "Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range' produced by the substitution." *Id.* (quoting U.S.S.G. §1B1.10(b)(2)(A)) (ellipsis in the original).

## III.    Analysis

At the time Williams was sentenced, his applicable sentencing guidelines range was 70 to 87 months of incarceration, based on his category III criminal history and a total offense level of 25.  Because Williams has only three criminal history points and would receive no additional points for offending while under a criminal justice sentence (as per Part A of Amendment 821), he now falls into a criminal history category of II rather than III.  With an offense level of 25, and a Category II criminal history, Williams' new guideline range is 63 to 78 months of incarceration.  *See* U.S.S.G. Sentencing Table (2021).

Nevertheless, the Court may grant a reduction within the amended Guidelines range only if it determines that one is warranted after considering the factors set forth in 18 U.S.C. §3553(a), to the extent these factors are applicable. *See Dillon*, 560 U.S. at 821, 826.  These factors include, among other things:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

3

(2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

\*\*\*

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Apart from the Section 3553 factors, the court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment[.]" U.S.S.G. § 1B1.10, Application Note 1. Additionally, "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment[.]" *Id. See United States v. Elonis*, No. 5:21-CR-00281, 2026 WL 909670, at \*4 (E.D. Pa. Mar. 30, 2026).

In this case, after consideration of the relevant factors outlined above, the Court is satisfied that these considerations support the agreed-upon reduction in Williams' sentence. Here, a six-month reduction would result in a prison term of 78 months, representing the top end of Williams' amended guidelines range. The Court finds that a prison term in this range adequately reflects the seriousness of Williams' offense, appropriately accounts for his past criminal history, and will serve the interests of promoting respect for the law, providing just punishment, deterring similar criminal conduct, and protecting the public from further criminal behavior on Williams' part. While the Court does not take the nature of Williams' criminal offense lightly, particularly as it involved a conspiracy to distribute fentanyl and other dangerous drugs, the Court is satisfied that the amended guideline range accounts for this factor, and the requested reduction will not result in serious danger to any person or the community. To that end, the Court notes that Williams has demonstrated meaningful rehabilitation during his time in

4

custody. Relevantly, he has completed the Bureau of Prison's Non-Residential Drug Abuse Treatment Program as well as a Faith-Based Conflict Management program during his confinement, both of which will assist his integration into lawful society. In addition, Williams has reportedly completed numerous recidivism reduction programs, is actively engaged in prison work assignments, and is classified as presenting a low general recidivism risk. The Court therefore credits Williams' professed commitment to becoming a productive and law-abiding member of society upon his release from incarceration. The Court also finds that the stipulated sentence reduction will afford Williams sufficient time to partake in other remedial programs while incarcerated, so as to minimize any risk that he will reoffend in the future. Further, the Court finds that the requested sentence reduction will serve to avoid unwarranted sentence disparities between Williams and other defendants with similar criminal records who have been found guilty of similar conduct and who, like Williams, would not be subject to additional criminal history points under the current version of U.S.S.G. 4A1.1(e). And, finally, the Court observes that the Government has stipulated to the appropriateness of the proposed reduction.[1]

## IV.    Conclusion

For all of these reasons, the Defendants' Consent Motion for Reduction of Sentence filed at ECF No. 1581 will be granted. An appropriate Order follows.

Dated: July 29, 2026.

SUSAN PARADISE BAXTER
United States District Judge

---

[1] Although Williams' Rule 11(c)(1)(C) plea agreement included a clause waiving his right to file a motion to reduce his sentence under Section 3582(c)(2), the Government did not invoke this waiver in initially opposing a sentence reduction, and the Court concludes that it would be an abuse of its discretion to invoke the waiver *sua sponte. See United States v. Sainz,* 933 F.3d 1080, 1087 (9th Cir. 2019) (holding that district courts are not permitted to raise a Section 3582(c)(2) waiver *sua sponte*).